UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PHILIP A. PARDUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-02223-SEB-KMB |
| | ) |
| TAXMAN BREWING COMPANY, LLC, | ) |
| | ) |
| Defendant. | ) |

### ORDER ON DEFENDANT'S MOTION FOR SANCTIONS

Pending before the Court is Defendant Taxman Brewing Company, LLC's ("Taxman") Motion for Sanctions. [Dkt. 28.] Taxman seeks dismissal with prejudice and an award of attorneys' fees and costs based on *pro se* Plaintiff Philip A. Pardus's alleged failure to comply with his discovery obligations. The Court previously held a Telephonic Discovery Conference on the Parties' dispute and ordered Mr. Pardus to serve formal written responses to Taxman's discovery requests no later than September 2, 2025. [Dkt. 27.] Taxman's motion asserts that Mr. Pardus did not do so, and Taxman seeks sanctions for that failure. [Dkt. 28.] Mr. Pardus has not responded to the pending motion, and the time to do so has long since passed.

The Court now **GRANTS IN PART** Taxman's Motion for Sanctions. [Dkt. 28.] The Court finds that Mr. Pardus's failure to comply with his discovery obligations warrants an award to Taxman of the reasonable attorneys' fees and costs it incurred in pursuing Mr. Pardus's discovery compliance. Accordingly, the Court **GRANTS** Taxman's request for reasonable attorneys' fees and costs caused by Mr. Pardus's noncompliance. The Court **DENIES** Taxman's Motion for Sanctions to the extent it seeks dismissal of Mr. Pardus's case with prejudice at this time.

## I.  BACKGROUND

In this action, Mr. Pardus is pursuing an age discrimination claim against Taxman, his former employer.  [Dkt. 1.]  Before Taxman responded to Mr. Pardus's Complaint, Mr. Pardus emailed Taxman's counsel on February 24, 2025, asserting that he had compiled several pieces of evidence in support of his allegations, including emails from Taxman employees, text messages from the employee hired to replace him stating that the employee was "more in line with the age" of guests and coworkers, emails between Taxman personnel discussing reasons for Mr. Pardus's termination including his age and appearance, and an audio recording between Mr. Pardus and a Taxman employee regarding his termination.  [Dkt. 28-1.]  Taxman answered the Complaint on March 6, 2025.  [Dkt. 12.]

On July 10, 2025, Taxman served its First Set of Interrogatories and First Request for Production of Documents (the "Discovery Requests") on Mr. Pardus, making his responses and document production due no later than August 11, 2025.  [Dkt. 20-6.]  Taxman's Discovery Requests sought, among other things, the materials Mr. Pardus claimed to possess in his February 24, 2025, email to Taxman's counsel.  [*Id.*]  Mr. Pardus failed to serve responses to the Discovery Requests by the deadline.  [Dkt. 29 at 8.]  On August 12, 2025, Taxman's counsel notified Mr. Pardus that his responses were untimely and requested immediate compliance or Taxman would seek intervention from the Court.  [Dkt. 28-7.]  Mr. Pardus responded the following day, stating he had already turned over all documents in his possession, despite not producing any of the materials he previously claimed to possess.  [Dkts. 28-1; 28-8.]  When Mr. Pardus did not supplement his responses or otherwise engage in written discovery, Taxman requested a discovery conference pursuant to Local Rule 37-1.  [Dkt. 25.]

The Court held a Telephonic Discovery Conference on August 26, 2025. [Dkt. 27.] During that conference, Mr. Pardus acknowledged he had not responded to the Discovery Requests and agreed to do so if the requests were resent to him. The Court ordered Mr. Pardus to serve his discovery responses no later than September 2, 2025, and stated that if Taxman believes any of Mr. Pardus's discovery responses to be deficient, Taxman should file an appropriate discovery motion. [*Id* at 2.] Taxman promptly resent the Discovery Requests to Mr. Pardus following the conference. [Dkt. 28-9.]

Mr. Pardus did not serve any discovery responses by the Court-ordered deadline, and he has not otherwise communicated with the Court or Taxman regarding these overdue responses. On September 5, 2025, Taxman filed the present Motion for Sanctions, seeking dismissal with prejudice, an award of attorneys' fees and costs, and all other appropriate relief. [Dkt. 28.] Mr. Pardus did not file a response, and the time to do so has long since passed.

## II.     APPLICABLE STANDARD

"Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial." *Todd v. Ocwen Loan Servicing, Inc.*, 2020 WL 1328640, at *1 (S.D. Ind. Jan. 30, 2020) (citing 8 Wright & Miller, *Federal Practice and Procedure* § 2001, at 44-45 (2d ed. 1994)). Federal Rule of Civil Procedure 26(b)(1) outlines the scope of permissible discovery and provides that parties to a civil dispute are entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." The scope of relevance for discovery purposes is broader than the scope of relevancy used for trial evidence. *West v. Wilco Life Ins. Co.*, 2023 WL 2917059, at *4 (S.D. Ind. Apr. 12, 2023) (citation omitted). Once relevancy has been

3

established, "the burden shifts to the objecting party to show why a particular discovery request is improper." *Id.* at *3 (citing *Bell v. Pension Comm. of ATH Holding Co., LLC*, 330 F.R.D. 517, 520 (S.D. Ind. 2018)).

The Court's resolution of discovery disputes is guided by proportionality principles. Proportionality is determined by considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Proportionality, like other concepts, requires a common sense and experiential assessment." *Todd*, 2020 WL 1328640, at *4. The Court has wide discretion in balancing these factors and deciding the appropriate scope of proportional discovery. *See Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating and Air-Conditioning Eng'rs., Inc.*, 755 F.3d 832, 837 (7th Cir. 2014) (emphasizing that "a district court has broad discretion over pretrial discovery rulings").

Federal Rule of Civil Procedure 37(b)(2)(A) authorizes a district court to sanction a party that "fails to obey an order to provide or permit discovery, including an order under Rule . . . 37(a)." Possible sanctions include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or

4

> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). Rule 37(d)(3) directs that in addition to these sanctions, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

"Of all possible sanctions, dismissal is considered draconian…" *Maynard v. Nygren*, 372 F.3d 890, 892 (7th Cir. 2004) (internal quotations and citation omitted). As such, the Seventh Circuit Court of Appeals has stated that a court must use its dismissal power sparingly, as it is a "harsh sanction" which should "be employed only as a last resort." *Rice v. City of Chi.*, 333 F. 3d 780, 786 (7th Cir. 2003). In some circumstances, dismissal is an appropriate sanction, including when a party "has willfully refused to comply with discovery orders" and "has been warned that noncompliance may lead to dismissal." *Pendell v. City of Peoria*, 799 F.3d 916, 917 (7th Cir. 2015). "Generally, a warning should precede dismissal with prejudice for discovery misconduct, and dismissal without one is more appropriate when a litigant commits multiple discovery violations." *Gregory v. Byrd*, 2023 U.S. App. LEXIS 3666 at *7 (7th Cir. 2023). "[A] warning is not a strictly required before a dismissal under Rule 37(b), but the lack of warning informs [the] proportionality analysis." *Id.* *Pro se* status does not shield a litigant from sanctions entirely. *Lerch v. Boyer*, 929 F.Supp. 319, 323 (N.D. Ind. 1996). However, a plaintiff's *pro se* status must be given some weight when deciding among alternative sanctions. *Ebmeyer v. Brock*, 11 F.4th 537, 547 (7th Cir. 2021).

### III. DISCUSSION

Taxman seeks dismissal of this action with prejudice and an award of attorneys' fees and costs under Federal Rule of Civil Procedure 37 based on Mr. Pardus's failure to respond to the

Discovery Requests and failure to comply with the Court's prior Order that he do so. [Dkts. 28; 29.] Taxman argues that the Court's ability to sanction a party for these transgressions applies equally to represented parties and *pro se* parties. [Dkt. 29 at 13.] Taxman states that "Pardus's tactics have been prejudicial to Taxman, unnecessarily increasing the costs of litigation, preventing Taxman from being able to move forward with an expert witness investigation into Pardus's alleged records, and delaying its ability to take depositions to bring such fact issues to a head." *Id.*

As an initial matter, the Court construes Mr. Pardus's failure to respond to Taxman's Motion as an acknowledgement of the correctness of the arguments raised therein. *See Midwest Generation EME, LLC v. Continuum Chem. Corp.*, 768 F. Supp. 2d 939, 950 (N.D. Ill. 2010) (finding that "failure to respond to an opposing party's argument implies concession"); *Law v. Medco Rsch. Inc.*, 113 F.3d 781, 787 (7th Cir. 1997) (explaining that "[f]ailure to contest a point is not necessarily a waiver, but it is a risky tactic, and sometimes fatal"); *Milam v. Dominick's Finer Foods, Inc.*, 567 F.3d 830, 832 (7th Cir. 2009) (interpreting "plaintiffs' silence in their response as acknowledgment"). Thus, the Court considers the facts in Taxman's motion to be undisputed.

The record demonstrates that Mr. Pardus failed to respond to Taxman's Discovery Requests despite communication from Taxman's counsel and a conference with the Court where he was directly ordered to do so. [Dkt. 27.] Mr. Pardus has not communicated with Taxman or the Court since the discovery conference and did not respond to Taxman's Motion for Sanctions. These failures have delayed the progression of this case and have required Taxman to seek Court intervention on multiple occasions. Thus, the Court finds that sanctions under Rule 37 are appropriate due to Mr. Pardus's failure to comply with his discovery obligations.

The Court will not, however dismiss Mr. Pardus's case with prejudice at this time. Dismissal with prejudice is a severe sanction, appropriate only when the Court considers factors

6

such as "the plaintiff's pattern of and personal responsibility for violating orders, the prejudice to others from that noncompliance, the possible efficacy of lesser sanctions, and any demonstrated merit to the suit." *Pendell*, 799 F.3d at 917. Although Mr. Pardus has wholly failed to comply with his discovery obligations, he is representing himself *pro se*, the Court has not yet imposed a lesser sanction, and Mr. Pardus has not been expressly warned that continued discovery non-compliance may result in dismissal of his case with prejudice. Thus, the Court will give Mr. Pardus one final chance to respond to Taxman's Discovery Requests, as set forth in more detail below. Mr. Pardus is expressly warned, however, that failure to comply with his discovery obligations or orders by the Court may result in his case against Taxman being dismissed with prejudice.

Under Federal Rule of Civil Procedure 37(d)(3), "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." The Court concludes that ordering Mr. Pardus to pay Taxman's attorneys' fees is appropriate, given that his failure to comply with discovery obligations was not substantially justified and there are no other circumstances that make such an award unjust in this case. Thus, the Court grants Taxman's request for attorneys' fees as more fully set forth below.

## IV. CONCLUSION

For the reasons explained above, the Court now **GRANTS IN PART** Taxman's Motion for Sanctions. [Dkt. 28.] While the Court **DENIES** Taxman's request to dismiss Mr. Pardus's case with prejudice at this time, it **GRANTS** Taxman's request that Mr. Pardus be required to pay Taxman's reasonable attorneys' fees and costs incurred in pursuing Mr. Pardus's discovery compliance. The Court sets the following briefing schedule on Taxman's forthcoming motion for attorney's fees and costs: **No later than January 20, 2026**, Taxman shall file a motion for

attorney's fees and costs. Mr. Pardus will have **until February 10, 2026 to file a response to that motion**, and Taxman will have **until February 24, 2026, to file a reply in support of its motion**.

Mr. Pardus will be given **one final chance** to serve complete responses to Taxman's pending Discovery Requests. Specifically, Mr. Pardus is **ORDERED** to serve complete responses to Taxman's Discovery Requests—including the documents he represented he possessed in his February 24, 2025, email, [dkt. 28-1]—**no later than January 26, 2026**. **Mr. Pardus is expressly warned that failure to do so may result in dismissal of this action with prejudice.** Taxman is **ORDERED** to file a notice with the Court **no later than February 5, 2026**, stating whether it received any documents from Mr. Pardus by that deadline, whether it appears those documents sufficiently complied with his discovery obligations in this case, and, if not, the deadline Taxman proposes for filing a second motion for sanctions.

**SO ORDERED.**

Date: 1/5/2026

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

Philip A. Pardus
7718 Cambridge Dr.
Fishers, IN 46038